IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CR-30039-SMY |
| | ) |
| GEORGE W. HOLLIDAY, SR., | ) |
| | ) |
| Defendant. | ) |

# ORDER

On March 1, 2016, Defendant George W. Holliday, Sr. was sentenced to 72 months imprisonment and 3 years of supervised release for Conspiracy to Manufacture Methamphetamine (Count 1), Possession with Intent to Distribute Methamphetamine (Count 2), and Obstruction of Justice (Count 3) on March 1, 2016 (Doc. 97). His supervised release was revoked, and he was subsequently sentenced to 24 months imprisonment on July 22, 2019 (Docs. 161 and 164). He is currently housed at the Springfield Medical Center/Federal Prison in Springfield, Missouri ("Springfield MCFP") and his projected release date is March 8, 2021.[1] Now pending before the Court are Holliday's Motion for Compassionate Release pursuant to the First Step Act of 2018 (Doc. 170) and Supplemental Motion for Compassionate Release (Doc. 176) in which he seeks release from the Springfield MCFP due to the COVID-19 global pandemic.

The Federal Public Defender's Office entered an appearance on Holliday's behalf and filed the previously mentioned Supplemental Motion for Compassionate Release and a Status Report (Doc. 181). The United State Probation Office has filed a Report of its Investigation (Doc. 179) and the Government has responded in opposition to the Motion (Doc. 180). For the following

---

[1] Defendant is in the process of seeking release to a halfway house to serve out the remainder of his term (Doc. 180 p. 4).

reasons, the Motions (Docs. 170 and 176) are **DENIED without prejudice**.

## Background

COVID-19 is a contagious virus spreading across the United States and the world. Individuals with serious underlying medical conditions, such as serious heart conditions and chronic lung disease, and those who are 65 years of age and older carry a heightened risk of illness from the virus. People Who Are at Higher Risk for Severe Illness, CENTERS FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited June 17, 2020). As of June 15, 2020, there was one reported positive COVID-19 case at the MCFP Springfield (Doc. 181).

Holliday is almost 51 years old (his birthday is July 31, 1969). He claims he suffers from liver problems, cancerous lesions on his head, and is at risk for lung and cardiovascular disease due to being a cigarette smoker for almost 40 years. According to medical records, he has not been diagnosed with heart or lung disease and a basal cell carcinoma of the skin (on his forehead) is in remission. During his current incarceration, Holliday completed courses in drug treatment, personal finance, engine repair, and computer skills. There is no indication of rules violations. He is currently housed in an area that holds 8 bunks, but it is unclear whether all the bunks are occupied.

## Discussion

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the

same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*.

Holliday alleges that prior to filing his motion, he was told by his case manager that he would not be granted compassionate release by the warden and was not provided with a form to submit a request. As such, he has not exhausted his administrative remedies. He argues, however, that the exhaustion requirement should be excused because he would suffer irreparable harm absent judicial relief.

Holliday cites *McCarthy v. Madigan*, 503 U.S. 140 (1992), for the proposition that "federal courts must balance the interests of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interest favoring exhaustion." *Id*. at 144. Of central importance to that decision was the *absence* of a congressionally mandated exhaustion requirement. But "[w]here Congress specifically mandates, exhaustion is required." *Id*. 144. The First Step Act specifically mandates exhaustion and does not contain any exceptions to the requirement. This Court cannot fashion exceptions that are absent from the statutory text. *See Ross v. Blake*, __ U.S. __, 136 S.Ct. 1850, 1856-7 (2016) (finding that the "mandatory language" of the Prison Litigation Reform Act's exhaustion requirement "means a court may not excuse a failure to exhaust, even to take such [special] circumstances into account.").

Regardless of whether the exhaustion requirement is jurisdictional, Holliday must exhaust his administrative remedies prior to seeking relief in this Court. *See United States v. Alam*, __ F.3d __, 2020 WL 2845694, *2-3 (6th Cir. 2020); *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020). Significantly, there has been no showing that Holliday is incapable of seeking relief from the warden directly with or without a particular form.

Accordingly, Defendant's Motions seeking Compassionate Release pursuant to the First Step Act of 2018 (Docs. 170 and 176) are **DENIED without prejudice** for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

**DATED:  June 17, 2020**

**STACI M. YANDLE**
**United States District Judge**